IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIO CESOR VILLARRUEL
(JULIO CESAR VILLARUEL),

        Applicant,

v.                                                  CV 07-981 MCA/RHS
                                                        (CR 05-2458 JC)

DEPUTY WARDEN PIQQ,

        Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

       THIS MATTER comes before the Court on Applicant Villarruel's "Application for Grand Writ of Habeas Corpus" ("Petition"), filed September 26, 2007 **[Doc. No. 1]**. The United States filed "Respondent's Response in Opposition to and Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus" ("Answer I"), filed December 18, 2007 **[Doc. No. 13]** and "Amended Respondent's Response in Opposition to Petitioner's Petition for Writ of Habeas Corpus" ("Answer II"), filed December 20, 2007 **[Doc. No. 15]**. Having reviewed the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court recommends that Applicant's Petition be denied and this civil proceeding be dismissed with prejudice.

*Discussion*

       Petitioner claims that he was detained by police officers in the State of Nevada and is incarcerated "at the Regional Correctional Center in Albuquerque New Mexico." (Petition at unnumbered page 2). Petitioner seeks release from incarceration because he "does not know what the charges are against him." (Petition at unnumbered page 2). Petitioner also alleges that

there are no charges against him and that no docket number exists for him.  (See id.).  The Court finds that Plaintiff's allegations that there are no charges and/or that he is unaware of the charges against him are contradicted by the record.  Moreover, even assuming that Petitioner was unaware of the charges against him at the time he submitted his Petition, the Court concludes that Petitioner's allegations are now moot.

The record reveals that Petitioner was brought before the United States District Court for the District of Nevada on May 25, 2007.  (See Ex. 1, attached to Answer I).  At that time, Petitioner signed a Waiver of Rule 5 & 5.1 Hearings form, indicating his "understand[ing] that charges are pending in . . . New Mexico alleging violation of 21 USC sec. 846 and that . . . [the judge] has informed me of the charge(s) . . . ."  (Id.).  On June 26, 2007, Mr. James Baiamonte was appointed as Petitioner's counsel and Petitioner appeared before the Honorable W. Daniel Schneider in the United States District Court for the District of New Mexico.  (See United States v. Cruz-Mora, et al., 05-Cr-2458 JC (D.N.M.) **[Doc. Nos. 329, 332]**).  Judge Schneider inquired into whether Petitioner had received a copy of the indictment and whether he had time to consult with counsel regarding the potential penalties.  (See Cruz-Mora Clerk's Minutes **[Doc. No. 329]**).  At that time, Petitioner "entered [a] plea of not guilty to all counts."  (Id.).

Finally, the Court notes that on April 2, 2008, Petitioner acknowledged receiving a copy of the Second Superceding Indictment in his criminal case and consented to appear before a Magistrate Judge for the purpose of entering a plea.  (See id. Plea Minute Sheet **[Doc. No. 397]**; Consent to Appear Before United States Magistrate Judge in a Felony Case **[Doc. No. 398]**[1]).  In

---

[1]Petitioner indicated that the Magistrate Judge "explained to me the nature of the offense(s) with which I am charged and the maximum possible penalties which might be imposed if I plead guilty."  (Id.).

accepting Petitioner's plea of guilty, Judge Schneider found that Petitioner fully understood the charges and the terms of the plea agreement. On August 13, 2008, Petitioner was sentenced to be incarcerated for a term of 120 months. (See id. Sentencing Minute Sheet **[Doc. No. 409]**). On January 28, 2009, Petitioner filed a motion seeking to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. (See id. **[Doc. No. 417]**).

*Conclusion*

For all the reasons set forth above, the Court recommends that Applicant Villarruel's Petition be denied and this civil proceeding be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE