IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                                         05-CR-2458 MV

v.

JULIO CESAR VILLARUEL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 to § 2D1.1(c) of U.S.S.G. and Under 18 U.S.C. § 3582(c)(2) ("Motion to Reduce Sentence") [Doc. 439]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

Defendant, Julio Cesar Villaruel, was convicted of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin within 1,000 feet of the real property comprising a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 856(a)(1), 856(a)(2), and 860(a). A presentence report ("PSR") was disclosed on July 7, 2008. At Defendant's sentencing hearing on August 13, 2008, the Court adopted the PSR, noting that neither party objected to any of the findings therein, and sentenced Defendant in accordance with the guidelines calculations set forth in the PSR.

In the PSR, Probation used the 2007 Sentencing Guidelines Manual to determine that, under U.S.S.G. § 2D1.1(c), Defendant's base offense level was 32. Specifically, according to the

drug quantity table then in effect, at least one kilogram but less than three kilograms of heroin established an offense level of 32. Because Defendant received an adjustment under U.S.S.G. § 3B1.2 for mitigating role and his offense level was 32, his base offense level was decreased by two levels, pursuant to U.S.S.G. § 2D1.1(a)(5). However, because the offense involved a protected location, the base offense level was increased by two pursuant to U.S.S.G. § 2D1.2(a)(1). Thus, Defendant's base offense level was 32.

Probation then applied a two-level reduction for minor role and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 27. With a criminal history category of I, Defendant's guideline range was 70 to 87 months. The statute of conviction, however, requires a minimum term of ten years imprisonment, which is greater than the maximum of the applicable guideline range. Defendant's guideline sentence thus became 120 months, pursuant to U.S.S.G. § 5G1.1. Probation specifically noted that Defendant was not eligible for relief under the safety valve provisions set forth at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, because, according to the government attorney, Defendant had not provided all of the information and evidence that he had concerning the instant offense.

At the sentencing hearing, in accordance with the PSR, and without any objection by either party, the Court sentenced Defendant to the mandatory minimum term of 120 months. There was no discussion at sentencing of the safety valve.

On November 20, 2014, Defendant, *pro se*, filed his Motion to Reduce Sentence under Amendment 782, which he argues reduced his base offense level by two levels. According to Defendant, he qualifies for a reduction under Amendment 782 because he was not sentenced to the mandatory minimum, was not sentenced as a career offender, and was not sentenced as an "armed career offender," but rather "his sentence came directly from Section 2D1.1 of the Sentencing

Guidelines." Doc. 439 at 2. Defendant asks the Court to recalculate his total offense level to be 25, and sentence him to the low end of the guideline range that results from an offense level of 25 and a criminal history category of I.

On February 5, 2015, counsel was appointed for Defendant. Thereafter, on June 8, 2015, Probation filed a Memorandum in which it states that Defendant is not eligible for a sentence reduction under Amendment 782 for two reasons: first, because his base offense level remains unchanged by the Amendment; and second, because his offense of conviction carries a mandatory minimum sentence of 120 months. On that same date, defense counsel, on Defendant's behalf, filed Defendant's Response to Probation Memo ("Response") [Doc. 442]. In the Response, Defendant asks the Court to reduce his sentence to avoid a miscarriage of justice, because Defendant should have received, but did not receive, the benefits of the safety valve provision. On July 14, 2015, the government filed its Reply to Defendant's Response to Probation Memo [Doc. 443], arguing that this Court lacks jurisdiction either to grant a reduction in Defendant's sentence or to resentence Defendant under the safety valve provision.

## STANDARD

Under 18 U.S.C. § 3582, "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citations omitted). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)' and made retroactive pursuant to § 944(u)." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In such cases, the district court may "reduce the term of imprisonment, after considering the factors set forth in

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

In *Dillon*, the Supreme Court held that § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 826. Following this two-step approach, the Supreme Court expounded:

> [A] district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 3582(c)(2) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.* at 827.

Further, in rejecting Dillon's contentions that the district court had erred in failing to correct two mistakes in his original sentence, the Supreme Court expressly held that § 3582(c)(2) "does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 831. Because the aspects of his sentence that Dillon sought to correct "were not affected by the Commission's amendment to § 2D1.1," the Court held that they were "outside the scope of proceeding authorized by § 3582(c)(2)," and that the district court had "properly declined to address them." *Id.*

**DISCUSSION**

Defendant seeks a reduction in his sentence pursuant to Amendment 782. That Amendment, made effective as of November 2014, provides a two-level reduction in the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c), including, as relevant here, heroin. *See* U.S.S.G. app. C, amend. 782. Amendment 782 has been made retroactively applicable under U.S.S.G. § 1B1.10(d).

In his Motion to Reduce Sentence, Defendant argues that Amendment 782 reduces his base offense level, and thus his guideline range. In his Response, Defendant seems to concede that he is ineligible for a sentence reduction under § 1B1.10, but nonetheless argues that this Court should not be constrained by that provision in determining its authority to reduce Defendant's sentence under § 3582. Defendant appears to be requesting that the Court resentence him in order to correct an error that was made at his original sentencing, namely the failure to apply the safety valve to his case. As discussed below, under clear Supreme Court and Tenth Circuit precedent, this Court lacks jurisdiction either to reduce Defendant's sentence or to resentence Defendant with the benefit of the safety valve.

As a preliminary matter, as Probation states in its Memorandum, Defendant's base offense level, as calculated under the 2014 Sentencing Guidelines manual, is identical to his base offense level as calculated under the 2007 Sentencing Guidelines Manual. As discussed above, in sentencing Defendant, the Court adopted the PSR's calculation of Defendant's base offense level to be 32. According to the drug quantity table now in effect, at least one kilogram but less than three kilograms of heroin establishes an offense level of 30. With an offense level of 30, Defendant would not be entitled to a two-level reduction for his mitigating role, as that reduction is only applicable to a base offense level of 32 or higher. However, the two-level increase because

the offense involved a protected location continues to be applicable, pursuant to § 2D1.2(a)(1). Thus, Defendant's base offense level, even with the benefit of the Amendment, would remain 32. It follows that his guideline range, determined according to that base offense level, would also remain unchanged. For this reason alone, Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(0)," and thus is not entitled to a modification of his sentence. § 3582(c)(2).

Further, as Probation also states in its memo, Defendant was not sentenced pursuant to the sentencing range calculated according to his offense level (70 to 87 months), but rather was sentenced to the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A) (120 months). Because Defendant "was sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)." *United States v. Woods*, 469 F. App'x 683, 686 (10th Cir. 2012); *see also United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997) (holding that a retroactive amendment to the Guidelines cannot reduce a sentence below the statutory maximum term). This Court is authorized to "modify a sentence based on a subsequent change in the Guidelines only to the extent that the lower guidelines range affects the defendant's sentence. If the lower range does not affect the defendant's sentence 'because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*),' the defendant is not eligible for a reduction." *Woods*, 469 F. App'x at 686 (quoting U.S.S.G. § 1B1.10 n. 1) (emphasis in original). Accordingly, because Defendant received a mandatory minimum sentence under § 841(b)(1)(A), he is ineligible for a sentence reduction under § 3582(c). *Id.*

Apparently cognizant of his ineligibility for a reduction in his sentence, Defendant argues in his Response that this Court should hold unconstitutional the limits on resentencing set forth in § 1B1.10, and proceed to resentencing in order to correct a manifest injustice in his original sentencing.  In *United States v. McGee*, 615 F.3d 1287 (10th Cir. 2010), the Tenth Circuit rejected a virtually identical argument, explaining that it was foreclosed by *Dillon*.  Specifically, the Tenth Circuit noted that the Supreme Court in *Dillon* made clear "that under § 3582(c)(2) the Sentencing Commission's policy statements in § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences."  *Id.* at 1292.  The Tenth Circuit further rejected the argument, identical to the one that Defendant makes here, that the policy statements in § 1B1.10 raise separation-of-powers issues "because Congress never envisioned policy statements would be used to enforce jurisdictional elements of the guidelines."  *Id.* at 1292 n.2.  The Tenth Circuit indicated that it had "previously rejected a similar separation-of-powers challenge to § 1B1.10" in *United States v. Dryden*, 563 F.3d 1168, 1171 (10th Cir. 2009), in which it held that "the lowering requirement of § 3582(c)(2) is identical to the requirement in USSG § 1B1.1(a)(2) that the amendment to the guidelines 'have the effect of lowering the defendant's applicable guideline range.'"  *Id.*  *Dryden* remains binding precedent not only on the Tenth Circuit, as the *McGee* Court noted, but also on this Court.  *Id.*

Finally, the aspect of his sentence that Defendant seeks to correct, namely the failure of the Court to apply the safety valve, "was not affected by the Commission's amendment to § 2D1.1," and thus is "outside the scope of the proceeding authorized by § 3582(c)(2)."  *Dillon*, 560 U.S. at 831.  This Court thus has no jurisdiction under § 3852(c)(2) to consider the issue of whether Defendant should have been afforded the benefit of the safety valve.  To accept Defendant's invitation to do so would contravene the Supreme Court's admonition that a sentence reduction

under § 3582(c)(2) is not a resentencing, but most remain "within the narrow bounds established by the Commission." *Id.* If Defendant wishes to raise the failure of the district court to apply § 3553(f) at the time of the original sentencing, he must do so in a petition under 28 U.S.C. § 2255. *Smartt*, 129 F.3d at 543.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 to § 2D1.1(c) of U.S.S.G. and Under 18 U.S.C. § 3582(c)(2) ("Motion to Reduce Sentence") [Doc. 439] is denied.

DATED this 6th day of November, 2015.

_____
MARTHA VAZQUEZ
United States District Judge